## Wilson Berger Coal Company v. Howard, et al.

(Decided March 22, 1927.)

### Appeal from Harlan Circuit Court.

1.  Master and Servant.—Workmen's Compensation Board, acting as full board, had authority, under Ky. Stats., sections 4929, 4933, 4934, to review award of referee in proceedings under Workmen's Compensation Act, notwithstanding no notice of review was given claimant, where claimant filed motion for reconsideration and board on reconsidering matter adhered to award previously made which modified and reduced referee's award.

2.  Master and Servant.—Fact that insurance company had made payments to employee under award of referee did not prevent employer from securing review by Workmen's Compensation Board acting as full board, where insurance company was not party to proceedings.

3.  Principal and Agent.—Litigants' rights cannot be affected by acts of stranger to record unless shown to be done by litigants' authority.

SAMPSON & SAMPSON for appellant.

G. G. RAWLINGS for appellees.

Opinion of the Court by Commissioner Hobson— Reversing.

Clyde Howard was in the employment of the Wilson Berger Coal Company; both had accepted the provisions of the Workmen's Compensation Act. On October 23, 1923, he sustained an injury to his right knee in the course of his employment, and filed an application for compensation therefor before the board on March 17, 1924. On September 1, 1925, the application was heard before a referee, who awarded compensation to him for temporary total disability, at the rate of $15.00 per week for a period of 52 weeks, less the waiting period, and thereafter $6.00 per week for a period of 335 weeks, less 51 weeks. On September 3, 1925, the Wilson Berger Coal Company entered a motion for a review by the full board; this came on for hearing on October 19, 1925. The full board allowed the compensation of $15.00 per week for a period of 52 weeks, less the one week waiting period to stand, but fixed the allowance after this at $2.40 a week for a period of 283 weeks. On October 26, 1925, Howard entered a motion before the board to set aside the full board order on the ground that it was against the evidence, also that the insurance company had already settled with him on the award as originally made and paid him the sum of $315.00. This motion by him for a reconsideration of the matter coming on to be heard before the board on November 5, 1925, the full board reconsidered the case and sustained the award which it had theretofore made. Howard, on November 5, 1925, brought this action in the Harlan circuit court to set aside the action of the full board. He alleged in his petition that he had no notice of the motion to review the original award until the second award was made; that the board

was without authority to set aside the award of the
referee without notice to him, also that the insurance
company entered into an agreement with him and paid
the compensation due, and agreed to pay the balance due
under the original award, and thereafter, without any
motion being made on the part of the insurance company,
the board set aside and vacated the award rendered by
the referee.    Sections 4929, 4933, 4934, Kentucky Stat-
utes, provide:

> "Any investigation, inquiry or hearing which
> the board is authorized to hold or undertake may be
> held or undertaken by or before any one member of
> the board or a referee acting for him, under author-
> ization of the board.    All investigations, inquiries,
> hearings and decisions of the board and every order
> made by a member thereof, when approved by a ma-
> jority of the members and so shown on a record of
> its proceedings, shall be deemed to be the order of
> the board.
>
> "The board, or any of its members, shall hear
> the parties at issue and their representatives and
> witnesses and shall determine the dispute in a sum-
> mary manner.    The award, together with a state-
> ment of the findings of fact, rulings of law and any
> other matters pertinent to the question at issue, shall
> be filed with the record of proceedings, and a copy
> of the award shall immediately be sent to the parties
> in dispute.
>
> "If an application for review is made to the
> board within seven days from the date of the award
> the full board, if the first hearing was not held before
> the full board, shall review the evidence, or, if
> deemed advisable, as soon as practicable, hear the
> parties at issue, their representatives and witnesses,
> and shall make and award and file the same in like
> manner as specified in the foregoing section."

It is clear from these provisions that the full board
had authority to review the action of the referee.
Whether Howard should have had notice of the motion
for review it is unnecessary to determine, for he filed his
motion for a reconsideration of the matter; the board did
reconsider the matter and adhered to the award which it
had made.    He was at least before the board when this

was done, and it cannot be said that the board was without jurisdiction.

The fact that the insurance company made certain payments in no manner affected the right of the Berger Coal Company to a review by the full board. The insurance company was not a party to the proceedings; the coal company had a right to conduct its own defense, and nothing that the insurance company did in any manner affected this right. A litigant's rights are never affected by the acts of a stranger to the record, unless shown to be done by his authority.

The evidence fully sustains the modification of the award made by the full board.

Judgment reversed and cause remanded for a judgment dismissing the petition.